UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Cause No. 1:98-cr-00038-LJM-MJD |
| | ) | |
| ANTHONY D. SPRADLEY, | ) | -01 |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO MOTION FOR
MODIFICATION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)**

Comes now the United States of America, by counsel, Josh J. Minkler, United States Attorney, and Bradley A. Blackington, Assistant United States Attorney, in response to defendant Anthony D. Spradley's motion requesting this Court to reduce his previously imposed sentence of life imprisonment on the basis of an amendment to the United States Sentencing Guidelines which reduced the offense levels for controlled substance offenses on November 1, 2014, makes the following response.

**BACKGROUND**

On June 30, 1998 , Anthony D. Spradley (Spradley) was charged in a twenty-five count Superseding Indictment with conspiracy to possess with intent to distribute and to distribute more than five kilograms of cocaine, a Schedule II, Narcotic Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 846 (Count One); unlawfully, willfully, deliberately, maliciously, and with premeditation, commit murder, in violation of Title 18, United States Code, Sections 1512(a)(1)(C) and 1513(a)(1)(B) (Counts Two and Three); knowingly using a firearm during and in relation to a crime of violence, in violation of Title 18, United States Code,

Sections 924(c) and 2 (Count Four); conspiracy to commit money laundering, in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and 1956(a)(1)(B)(i) (Counts Seven and Eight); money laundering, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i) (Counts Ten, Eleven, Fourteen, Fifteen, Sixteen, Seventeen, Nineteen, and Twenty); and engaging in monetary transactions involving criminally derived property, in violation of Title 18, United States Code, Sections 1957 and 2 (Counts Twenty-Three, Twenty-Four and Twenty-Five).  After an eight week trial, a jury found Spradley guilty on Counts One, Seven, Eight, Fourteen, Fifteen, Sixteen, Seventeen, Nineteen, Twenty, Twenty-Three, Twenty-Four, and Twenty-Five of the Superseding Indictment.  On December 8, 1999, Spradley was sentenced to a term of life imprisonment on Count One; 240 months on Counts Seven, Eight, Fourteen, Fifteen, Sixteen, Seventeen, Nineteen, and Twenty; and 120 months on Counts Twenty-Three, Twenty-Four and Twenty-Five, all to be served concurrently.  Judgment at 3.

On May 12, 2015, Spradley filed a motion for modification of sentence pursuant to Amendment 782 of the Sentencing Guidelines, and on January 29, 2016 Spradley filed a pro se supplement to his § 3582 motion for modification of sentence.

## DISCUSSION

Pursuant to 18 U.S.C. § 3582(c)(2), a defendant's sentence may only be reduced when he was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Further, under the statute, a reduction is allowed only when "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." *See Dillon v. United States*, 560 U.S. 817, 827 (2010).

In Section 1B1.10, the Commission, consistent with the statutory directive that a reduction should occur only where the defendant's sentencing range was lowered, makes clear that a

sentencing court is not authorized to reduce a defendant's sentence when a retroactive amendment does not result in lowering the applicable sentencing range for the defendant. Specifically, subsection (a)(2)(B) states: "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). The "applicable guideline range" is defined in application note 1(A) as "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance."

In this case, Spradley's motion should be denied because the defendant's sentence range has not changed. The final Presentence Report recommended the following guidelines computation for Count One in the Superseding Indictment:

    a)    Base Offense Level 43, pursuant to U.S.S.G. § 2D1.1(d)(1) which cross references § 2A1.1 because the offense level involved the murder of a government informant.

    b)    Plus an enhancement of four points because the defendant was the organizer or leader of the criminal activity involving five or more participants, for an Adjusted Offense Level of 47.

Because the amount of drugs attributed to the defendant was in excess of 500 kilograms of cocaine:

    a)    Base Offense Level of 38 pursuant to U.S.S.G. § 2D1.1.

b) Plus an enhancement of two points because a gun was possessed during the conspiracy, pursuant to § 2D1.1(b)(1) of the United States Sentencing Guidelines.

c) Plus an enhancement of four points because the defendant was the organizer or leader of the criminal activity involving five or more participants, for an Adjusted Offense Level of 44.

Pursuant to § 2D1.1 of the United States Sentencing Guidelines, the PSR calculated Spradley's Adjusted Offense Level at 47 ( the higher offense level).   PSR ¶ 65.   At a level 47 and a criminal history of I, Spradley's guideline range was a minimum of ten years and a maximum of life imprisonment.   PSR ¶¶ 73, 100.   Thus, Spradley's sentencing range does not change even by application of the new drug quantity table.1   Therefore, the Court is without authority of reduce his sentence.

Because Spradley's sentence was not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," 18 U.S.C. § 3582(c)(2), he is not entitled to a reduction in his sentence.   Accordingly, the defendant's motion should be denied.

---

1 The revised Sentencing Guidelines provide for a base offense level of 38 where a defendant is accountable for the distribution of 500 kilograms or more of cocaine.   U.S.S.G. § 2D1.1(c)(1).

WHEREFORE, the United States respectfully requests the Court deny defendant's motion, and grant such other and further relief as the Court deems appropriate.

        Respectfully submitted,

        JOSH J. MINKLER
        United States Attorney

By: s:/Bradley A. Blackington
     Bradley A. Blackington
     Assistant United States Attorney
     Office of the United States Attorney
     10 West Market St., Suite 2100
     Indianapolis, IN 46204
     Phone:  (317) 226-6333
     E-mail:  bradley.blackington@usdoj.gov

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 3, 2016, a copy of the foregoing Government's Response in Opposition to Motion for Modification of Sentence was mailed, by First-Class Mail, postage prepaid and properly addressed to the following:

    Anthony D. Spradley
    Reg. No. 05772-028
    United States Penitentiary
    P.O. Box 2099
    Pollock, Louisiana 71467-2099

                            By:    s:/Bradley A. Blackington
                                        Bradley A. Blackington
                                        Assistant United States Attorney