UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:98-cr-38-JMS-MJD-01 |
| v. | |
| ANTHONY SPRADLEY | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 1:98-cr-00038-JMS-MJD |
| ANTHONY SPRADLEY, | ) -01 |
| Defendant. | ) ) ) |

**ORDER**

Defendant Anthony Spradley has filed a motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 214. Mr. Spradley seeks immediate release from incarceration. *Id.*[1] For the reasons explained below, his motion is **denied**.

**I.   Background**

In 1999, a jury convicted Mr. Spradley of: (1) one count of conspiracy to possess with intent to distribute and to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 836; (2) one count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(a)(i)(A)(B) and (h); (3) six counts of money laundering in violation of 18 U.S.C. § 1956(a)(1)(B); and (4) three counts of engaging in monetary transactions involving criminal derived properties, in violation of 18 U.S.C. § 1957. Dkt. 44-1. The jury also acquitted Mr. Spradley of charges alleging that he murdered a government informant. *See United States v. Thompson*, 286 F.3d 950, 956 (7th Cir. 2002). The U.S. Court of Appeals for the Seventh Circuit described the underlying facts as follows:

---

[1] Mr. Spradley's motion states that he is asking the Court to reduce his sentence to 300 months. Dkt. 214 at 2. Assuming good-credit time of 15%, this equates to a sentence of 21.25 years actual time served. Mr. Spradley has already served more than 23 actual years in prison. Thus, his request for a reduction to 300 months is effectively a request for immediate release.

2

> Defendants Willie Boddie, Stephanie Johnson, Dennis Jones, Anthony Spradley, Anthony Thompson, Ellis Walker, and Mark White were charged with crimes arising out of their participation in a large, Indianapolis-based drug conspiracy. The conspiracy reigned from 1992 to 1997 and involved the trafficking of hundreds of kilograms (kilos) of cocaine, the accumulation and laundering of substantial profits, and two short-lived business pursuits. The conspiracy seemed invincible until November 1996, when Marcus Willis, working on behalf of law enforcement officials, arrived on the scene. He worked for law enforcement for approximately eight months (through June of 1997) until he was murdered in one of the defendant's vehicles. Not long after his murder, charges were filed against each of the defendants and several others not part of this appeal . . . .
>
> At trial, the government relied heavily on the testimony of several coconspirators who agreed to cooperate with the government in exchange for leniency . . . . As to the Marcus Willis murder, the alleged eye-witnesses, including unindicted coconspirator and defendant Mark White, could not agree on who actually murdered Willis and neither of their stories could be corroborated. We assume that this inconsistency led the jury to acquit Spradley, Jones, and White of the murder-related charges.

*Id.*

At sentencing, the district court[2] concluded that the conspiracy trafficked in more than five kilos of cocaine and that the murder cross reference in § 2D1.1(d)(1) of the Sentencing Guidelines applied to Mr. Spradley and two of his co-defendants, including Mr. White. *Id.* The district court also applied a 4-point leadership enhancement in determining the guidelines range for Mr. Spradley's sentence; it did not apply that enhancement in determining the guidelines range for Mr. White's sentence. Dkt. 230 at 16–19 (presentence investigation report detailing guidelines calculations for Mr. Spradley).[3] Together, these decisions meant that Mr. Spradley's guidelines range for imprisonment was life. Dkt. 230 at 23. At the time, the guidelines were mandatory, which meant that the district court was required to sentence Mr. Spradley to life in prison, even though

---

[2] The undersigned did not preside over Mr. Spradley's trial or sentence him and did not become involved in the case until 2017.

[3] For information about how Mr. White's guidelines were calculated when he was resentenced, *see United States v. White*, No. 1:98-cr-38-JMS-MJD-03, dkt. 162 at 17–18 (S.D. Indiana) (presentence investigation report).

3

his convictions in this case represented his first felony convictions and he had never been imprisoned before. *See id.* at 19 (criminal history).

Ultimately, Mr. Spradley was sentenced to life in prison on the drug conspiracy count, concurrent 20-year sentences on the money laundering counts, and concurrent 10-year sentences on the monetary transaction counts. Dkt. 44-1. Mr. White also received a life sentence and a concurrent 20-year sentence. On direct appeal, the Seventh Circuit found that the district court erred in applying the murder cross reference to Mr. White, but it affirmed application of the murder cross reference to Mr. Spradley, explaining:

> The district court found that Spradley knew Willis had been murdered to keep him from relaying any more information to law-enforcement authorities. It based its findings, in part, on evidence that Spradley knew about Willis's informant activities. Coconspirator Keith Cork testified at trial that several days before Willis's murder, he and Spradley confronted Willis with the rumors that he had been talking to the police. Cork's testimony was corroborated by a statement to the same effect made to police on June 20, 1997, approximately ten days before the murder. In addition, Cork testified that Spradley, in a meeting about Willis's informant activities attended by several conspiracy members, said that he would not let anyone hurt them.
>
> We believe this evidence sufficiently supports the conclusion that it was reasonably foreseeable to Spradley that Willis would be murdered with malice aforethought. Spradley knew that Willis was likely to be murdered in an attempt to prevent him from further exposing the conspiracy, which satisfies the test of reasonable foreseeability. Therefore the district court did not err by applying the First-Degree Murder Guideline to Spradley.

*Id.* at 959. Thus, it affirmed the life sentence that Mr. Spradley received. On remand, the district court resentenced Mr. White to 480 months of imprisonment. *United States v. White*, 406 F.3d 827, 829 (7th Cir. 2005). That sentence was affirmed on appeal, after the district court confirmed that it would have sentenced Mr. White to 480 months even if it had known that sentencing guidelines were not mandatory. *United States v. White*, 155 F. App'x 901, 902–03 (7th Cir. 2005).

Mr. Spradley is currently 52 years old and is incarcerated at USP Leavenworth. He has been incarcerated for more than 23 years.

Mr. Spradley, who is represented by retained counsel, filed a pro se motion requesting compassionate release under § 3582(c)(1)(A). Dkts. 214, 215. He also filed an audio statement in support of his motion. *See* dkt. 218. The United States responded in opposition. Dkt. 225. Mr. Spradley filed a reply. Dkt. 228. Thereafter, Mr. Spradley filed several statements and letters of support, including a statement of support from co-defendant Willie Boddie, whose motion for compassionate release was granted earlier this year after he had served more than 22 years of a mandatory life sentence. Dkts. 231, 232, 233. Thus, Mr. Spradley's motion is ripe for review.

**II.      Legal Standard**

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Under one exception to this rule, a court may reduce a sentence upon finding there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). Before the First Step Act was enacted on December 21, 2018, only the Director of the BOP could file a motion for a reduction based on "extraordinary and compelling reasons." Now, a defendant is also permitted to file such a motion after exhausting administrative remedies. *See* First Step Act of 2018, Pub. L.N. 115-391, 132 Stat. 5194, 5239 (2018). The amended version of the statute states:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>     (i) extraordinary and compelling reasons warrant such a reduction;
>     or

>   (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). It directed that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *Id.* Before passage of the First Step Act, the Sentencing Commission promulgated a policy statement regarding compassionate release under § 3582(c). U.S.S.G. § 1B1.13.

Section 1B1.13 sets forth the following considerations. First, whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). Second, whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, consideration of the sentencing factors in 18 U.S.C. § 3553(a), "to the extent they are applicable." U.S.S.G. § 1B1.13.

As to the first consideration, Subsections (A)-(C) of Application Note 1 to § 1B1.13 identify three specific "reasons" that qualify as "extraordinary and compelling": (A) terminal illness diagnoses or serious conditions from which a defendant is unlikely to recover and which "substantially diminish[]" the defendant's capacity for self-care in prison; (B) a serious deterioration in physical or mental health because of the aging process where a defendant is over

65 years old and has served at least ten years or 75% of his sentence, whichever is less; or (C) certain family circumstances (the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner). U.S.S.G. § 1B1.13, Application Note 1(A)–(C). Subsection (D) adds a catchall provision for "extraordinary and compelling reason[s] other than, or in combination with, the reasons described in subdivisions (A) through (C)," "[a]s determined by the Director of the Bureau of Prisons." *Id.*, Application Note 1(D).

The policy statement in § 1B1.13 addresses only motions from the Director of the BOP. *Id.* ("Upon the motion of Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment . . . "). It has not been updated since the First Step Act amended § 3582(c)(1)(A) to address motions that are filed by prisoners. As a result, the Sentencing Commission has not yet issued a policy statement "applicable" to motions filed by prisoners. *United States v. Gunn*, 980 F. 3d 1178, 1180–81 (7th Cir. 2020). And, in the absence of an applicable policy statement, the portion of § 3582(c)(1)(A) requiring that a reduction be "consistent with the applicable policy statements issued by the Sentencing Commission" does not curtail a district court judge's discretion. *Id.* at 1180. Nonetheless, the Commission's analysis in § 1B1.13 can guide a court's discretion without being conclusive. *Id.* As to motions brought under the "catchall" provision in Subsection (D), district judges should give the Director of the BOP's analysis substantial weight (if he has provided such an analysis), even though those views are not controlling. *Id.*

Accordingly, the Court evaluates motions brought under the "extraordinary and compelling" reasons prong of § 3582(c)(1)(A) with due regard for the guidance provided in

§ 1B1.13 by deciding: (1) whether a defendant has presented an extraordinary and compelling reason warranting a sentence reduction; (2) whether the defendant presents a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and (3) whether the applicable sentencing factors in § 3553(a) favor granting the motion. As directed by the U.S. Court of Appeals for the Seventh Circuit in *Gunn*, in exercising its discretion to determine whether "extraordinary and compelling reasons" warrant a sentence reduction within the meaning of § 3582(c)(1)(A)(i), the Court acknowledges that "[t]he substantive aspects of the Sentencing Commission's analysis in § 1B1.13 and its Application Notes provide a working definition of 'extraordinary and compelling reasons'" and consults § 1B1.13 to guide its discretion but recognizes that § 1B1.13 is not conclusive. See id. at 1180 ("the Commission's analysis can guide discretion without being conclusive").

Finally, the Court recognizes that "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

**III.   Discussion**

In his original motion, Mr. Spradley argued that the following facts combined to create extraordinary and compelling reasons warranting immediate release: (1) if sentenced today, he would no longer face a mandatory life sentence because the Sentencing Guidelines are no longer mandatory; (2) a life sentence imposed under the guidelines before *United States v. Booker*, 543 U.S. 220 (2005), is categorically extraordinary and compelling; (3) he was young (29 years old) when he was arrested; and (4) he has engaged in restorative justice with Marcus Willis's father, who does not oppose his release. Dkt. 214 at 9. He also argued that he would not be a danger to the community if released and that the sentencing factors in § 3553(a) favor his release,

emphasizing that he has earned his GED, taken hundreds of hours of vocational training, completed more than 700 hours of rehabilitative programming, and some of his co-defendants have already completed their sentences or been released. *Id*. at 19–26.

After Mr. Spradley filed his original motion, the U.S. Court of Appeals for the Seventh Circuit decided *United States v. Thacker*, 4 F.4th 569 (7th Cir. 2021). In *Thacker*, the Seventh Circuit held that a non-retroactive change to the sentencing scheme in 18 U.S.C. § 924(c) could not be an extraordinary and compelling reason warranting relief under § 3582(c)(1)(A)—whether alone or in combination with any other factor—because Congress had explicitly decided not to make the change retroactive. *Id.* at 576. In his reply, Mr. Spradley conceded that the holding of *Thacker* meant that he could not establish extraordinary and compelling reasons warranting relief under § 3582(c)(1)(A) based solely upon a favorable, but nonretroactive change in law, although he preserved that argument for appellate review. Dkt. 228 at 1. He argued, however, that he could still establish extraordinary and compelling reasons warranting relief based on the following combination of facts: (1) a life sentence is an extraordinarily harsh form of punishment, particularly for a drug offender who had never been imprisoned; (2) Mr. Spradley's life sentence is disproportionately punitive when compare to the 40-year sentence that co-defendant Mr. White received; and (3) Mr. Spradley's life sentence is particularly harsh given Mr. Willis's father's letter stating that he does not oppose release. *Id.* at 1–2.

As explained below, Mr. Spradley has not presented an extraordinary and compelling reason warranting immediate release under § 3582(c)(1)(A). Thus, his motion must be denied.

  A. *Change to Mandatory Life Sentence*

As explained above, in his original motion, Mr. Spradley argued that he had presented extraordinary and compelling reasons warranting relief under § 3582(c)(1)(A) because he would

9

not face a mandatory life sentence if sentenced today. Specifically, after he was sentenced, the U.S. Supreme Court decided *Booker*, 543 U.S. at 220, which held that the Sentencing Guidelines were advisory, not mandatory. Thus, if he were sentenced today, the district court would not be required to impose a life sentence.

As Mr. Spradley concedes, however, this fact cannot be an extraordinary and compelling reason warranting relief under § 3582(c)(1)(A) because the holding of *Booker* does not apply retroactively to criminal cases—like Mr. Spradley's—that became final before *Booker*'s release on January 12, 2005. *See McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005). Thus, under the rationale of *Thacker*, the fact that Mr. Spradley would not face a mandatory life sentence if sentenced today cannot be an extraordinary and compelling reason warranting relief, whether alone or in combination with any other factors. The Court understands that Mr. Spradley intends to preserve this issue for appellate review, but this Court must follow the binding decision in *Thacker*.

B.   Other Reasons

The Court also declines to exercise its discretion to find that Mr. Spradley's other proffered reasons constitute extraordinary and compelling reasons warrant release under § 3582(c)(1)(A), whether alone or in combination. As explained, he relies on the following combination of facts: (1) a life sentence is an extraordinarily harsh form of punishment, particularly for a drug offender who had never been imprisoned; (2) Mr. Spradley's life sentence is disproportionately punitive when compare to the 40-year sentence that co-defendant Mr. White received; and (3) Mr. Spradley's life sentence is particularly harsh given Mr. Willis's father's letter stating that he does not oppose release.

All of these proffered reasons are different versions of the same argument—Mr. Spradley's lawfully imposed life sentence was too long. Under the rationale of *Thacker*, however, the Court

10

cannot consider this argument. In deciding that the change to the sentence required by § 924(c) could not be an extraordinary and compelling reason warranting relief under § 3582(c)(1)(A)—whether alone or in combination with any other factors—the Seventh Circuit also specifically stated that rationales suggesting that "the prescribed sentence is too long" cannot supply an extraordinary and compelling reason to reduce a lawful sentence, noting that allowing for such a rationale "would allow the compassionate release statute to operate in a way that creates tension with the principal path and conditions established for federal prisoners to challenge their sentences [that is] embodied in . . . 28 U.S.C. § 2255 and accompanying provisions." *Thacker*, 4 F.4th at 574. Thus, it said, "the discretion conferred by § 3582(c)(1)(A) does not include authority to reduce a mandatory minimum sentence on the basis that the length of the sentence itself constitutes an extraordinary and compelling circumstance warranting a sentencing reduction." *Id.* This is precisely what Mr. Spradley argues here—namely, that his mandatory life sentence was too long given the specific circumstances of his case and, thus, he has shown an extraordinary and compelling reason warranting release under § 3582(c)(1)(A). The rationale of *Thacker* forecloses this argument. *See also United States v. Ugbah*, 4 F.4th 595, 597 (7th Cir. 2021) ("We explained in *Thacker* that § 3582(c)(1) does not treat a long but lawful sentence as itself an extraordinary and compelling reason for a lower sentence.").

    To the extent that Mr. Spradley's reply can be read not to argue that his lawfully imposed sentence was too long but rather that he has shown extraordinary and compelling reasons warranting release because he has no prior felonies, his co-defendant Mr. White received a much shorter sentence, and Mr. Willis's father does not oppose his release, the Court disagrees.

    First, the fact that Mr. Spradley had no prior felony convictions before this case is not an extraordinary and compelling reason to release him, whether alone or in combination with any

11

other facts. Mr. Spradley presided over a large-scale drug trafficking organization that distributed enormous amounts of cocaine. A government informant was murdered in the course of the conspiracy to prevent him from providing more information to law enforcement. Even without any previous felony convictions, such facts warrant a large sentence. Moreover, particularly before *Booker* was decided, many defendants received substantial sentences—even life sentences—despite not having significant criminal records. The fact that Mr. Spradley has no prior felony convictions is not an extraordinary reason to release him, either alone or in combination with any other facts.

Second, the only relief that Mr. Spradley seeks is immediate release. As such, the fact that co-defendant Mark White's 40-year sentence is shorter than Mr. Spradley's life sentence does not support releasing Mr. Spradley now—after he has served less than 25 years. Regardless, the Court finds nothing extraordinary or compelling about the fact that Mr. White received a shorter sentence than Mr. Spradley. As explained above, the sentencing judge imposed a 4-point enhancement under the Sentencing Guidelines because Mr. Spradley was a leader of the conspiracy, and the Seventh Circuit affirmed the application of the First-Degree Murder Guideline to Mr. Spradley—neither of which applies to Mr. White. Thus, it is not surprising or unjust that Mr. Spradley received a significantly longer sentence than Mr. White. Mr. Spradley's argument seems to rest on the assumption that Mr. White is more culpable than Mr. Spradley because he "was convicted of killing Marcus Willis," *see* dkt. 214 at 25, but Mr. White was acquitted of that charge, and the Seventh Circuit held that the murder cross-reference could not be applied to him.[4]

---

[4] In his reply, Mr. Spradley notes that the presentence investigation report ("PSR") indicates that Mr. White was the actual shooter of Mr. Willis. Dkt. 228 at 5. Regardless of what the PSR said, Mr. White's sentence was in no way based on a finding that he had killed Mr. Willis. As explained by the Seventh Circuit, the sentencing judge applied the murder cross-reference to Mr. White because "he lied about his whereabouts on the morning of/after the murder and . . . participated in the cover-up." *Thompson*, 286 F.3d at 960. The Seventh Circuit found that factual basis insufficient to support a finding that Mr. Willis's murder

The disparity between Mr. Spradley's sentence and Mr. White's sentence is not an extraordinary and compelling reason warranting relief under § 3582(c)(1)(A), whether considered alone or in combination with any other factors.[5]

Finally, the Court commends Mr. Spradley for engaging in restorative justice with Mr. Willis's father. The Court is heartened by the fact that Mr. Willis's father has found some measure of healing through that process. But Mr. Spradley faced a mandatory life sentence. Even if Mr. Willis's father had opposed the mandatory life sentence when it was originally imposed, the sentencing judge would have no choice but to impose that sentence. The fact that he has now written a letter saying that he would not oppose Mr. Spradley's release, *see* dkt. 214 at 29, is similarly not a valid legal reason to reduce that mandatory life sentence, whether considered alone or in combination with any other facts. Mr. Spradley has not cited any cases in which a court relied on similar evidence to find extraordinary and compelling reasons warranting relief under § 3582(c)(1)(A).

---

was reasonably foreseeable to Mr. White, let alone a finding that it was reasonably foreseeable to Mr. White that Mr. Willis would be murdered with malice aforethought. *Id.* Given these facts and the fact that Mr. White was acquitted of the charge that he murdered a government informant, the Court will not consider the PSR's reference to Mr. White being the shooter in determining whether Mr. Spradley's sentence was disproportionately long as compared to Mr. White's.

[5] To the extent that Mr. Spradley also argues that an unjust sentencing disparity exists because none of the other defendants in this case are still serving a life sentence, *see* dkt. 228 at 6, the Court disagrees. Mr. Boddie's motion for compassionate release was granted because he was at risk for developing severe COVID-19 symptoms at a time when a vaccine was not widely available. *See United States v. Boddie*, 1:98-cr-38-JMS-MJD-2, dkt. 199 (S.D. Ind.). Mr. Spradley does not argue that he is at particular risk of developing severe COVID-19 symptoms and, regardless, a vaccine is now widely available. Mr. Boddie also did not receive a murder cross reference, further distinguishing him from Mr. Spradley. *Boddie*, 1:98-cr-38-JMS-MJD-2, dkt. 193 (presentence investigation report). Thus, Mr. Spradley's life sentence is not disproportionately punitive when compared to Mr. Boddie's. Mr. Spradley fails to explain why his sentence is disproportionately punitive compared to the other defendants mentioned (Ellis Walker, Dennis Jones, and Anthony Thompson), but the Court finds no unjust disparity, noting that Mr. Spradley was determined to be the leader of the drug-trafficking organization, dkt. 230 at 12, a designation that was not applied to Mr. Walker, Mr. Jones, or Mr. Thompson, *see id.* at 14–16.

To the extent that Mr. Spradley is arguing that the letter from Mr. Willis's father suggests that Mr. Spradley has achieved a level of rehabilitation that is sufficiently extraordinary and compelling to warrant a sentence reduction, his argument must fail because the statute specifically provides that rehabilitation alone cannot be an extraordinary and compelling reason warranting relief under § 3582(c)(1)(A), 28 U.S.C. § 994(t), and the Court has already found that none of Mr. Spradley's other proffered facts is an extraordinary and compelling reason warrant relief, whether considered alone or in combination.

Because the Court declines to find extraordinary and compelling reasons warranting release, it need not determine whether the § 3553(a) factors warrant release. Nonetheless, the Court notes briefly that—even if Mr. Spradley had set forth extraordinary and compelling reasons warranting a sentence reduction under § 3582(c)(1)(A)—the § 3553(a) factors would not support immediate release (that is, a reduction of his sentence to 300 months), which is the only relief Mr. Spradley seeks. The Court acknowledges Mr. Spradley's impressive efforts at rehabilitation, including significant amounts of programming. But Mr. Spradley orchestrated and led a massive drug trafficking organization, and a man was murdered to prevent that organization from being disrupted. Mr. Spradley could have reasonably foreseen that Mr. Willis would be murdered with malice aforethought. His co-defendant, Mark White—who did not receive a murder cross-reference or a leadership enhancement—is currently serving a 40-year sentence. Given those facts, the Court finds that releasing Mr. Spradley now would not reflect the seriousness of the offense; promote respect for the law; or provide just punishment for the offense. *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021) ("all a district judge need do is provide a sufficient reason for [denying relief under § 3582(c)(1)]. One good reason for denying a motion such as Ugbah's is enough; more would be otiose."). Even if the Court were to find that Mr. Spradley's life sentence

was unjustly long (a finding it does not make), that fact would not warrant a reduction of his sentence to 300 months, thereby resulting in immediate release. *See United States v. Ebbers*, No. S402-CR-11443VEC, 2020 WL 91399, at *7 (S.D.N.Y. Jan 8, 2020) (in evaluating a motion for compassionate release, the court should consider whether the § 3553(a) factors outweigh the "extraordinary and compelling reasons" warranting compassionate release, and whether the compassionate release would undermine the goals of the original sentence).

If Mr. Spradley's health deteriorates significantly or if his circumstances otherwise change such that he can establish an extraordinary and compelling reason warranting a sentence reduction under § 3582(c)(1)(A), he may file a renewed motion.

### IV.   Conclusion

For the reasons stated above, Mr. Spradley's motion for compassionate release, dkt. [214], is **denied**.

**IT IS SO ORDERED.**

Date: 11/18/2021

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel